United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS § <br> MANAGEMENT, INC., d/b/a Integrated § <br> Sports Media, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> REIGN NIGHTCLUB, LLC, d/b/a Reign § <br> Nightclub; and ERNESTO A. GUAJARDO § <br> § <br> Defendants. § | CIVIL ACTION NO. 7:21-cv-00469 |

## **OPINION AND ORDER**

The Court now considers "Plaintiff, Innovative Sports Management, Inc.'s Request to Enter Default Against Defendant, Reign Nightclub, LLC."[1] Plaintiff asserts that "Defendant has failed to plead or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure" so Plaintiff should be entitled to the clerk's entry of default.[2]

Plaintiff Innovative Sports Management, Inc., doing business as Integrated Sports Media, timely[3] commenced this case on December 8, 2021, alleging that Defendants Reign Nightclub, LLC and Ernesto A. Guajardo wrongfully intercepted the *Canelo Alvarez vs. Rocky Fielding* boxing match telecast on December 15, 2018, without authorization from Plaintiff, the license holder of that program, in violation of 47 U.S.C. §§ 553 or 605.[4] Plaintiff now asserts that it served Defendant on December 17th and Defendant has failed to answer.[5] Plaintiff seeks the clerk's entry of default.[6]

---

[1] Dkt. No. 10.
[2] *Id.* at 1, ¶¶ 1–3.
[3] *See Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir. 2001) (per curiam) (holding that violations of 47 U.S.C. §§ 553 and 605 are subject to a three-year statute of limitations period).
[4] Dkt. No. 1 at 4, ¶¶ 8–9.
[5] Dkt. No. 10 at 1, ¶¶ 1–2.
[6] *Id.* ¶ 3.

> Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate. A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.[7]

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[8] A party has twenty-one days after being served to answer or otherwise respond to a plaintiff's complaint.[9]

Here, Plaintiff properly served Defendant Reign Nightclub, LLC via its agent for service of process on December 17, 2021.[10] Defendant Reign Nightclub, LLC's answer was therefore due on January 7, 2022, but Plaintiff correctly notes that Defendant has failed to timely respond.[11] However, Plaintiff conspicuously omits whether Defendant Ernesto A. Guajardo has been served and does not argue for the clerk's entry of default against him.[12]

In light of Defendant's unresponsiveness, the Court agrees that the clerk's entry of default is proper under Rule 55(a). Accordingly, the Court **ORDERS** the Clerk of the Court to enter the clerk's default against Defendant Reign Nightclub, LLC (but not Defendant Ernesto A. Guajardo).

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of January 2022.

_____
Micaela Alvarez
United States District Judge

---

[7] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citation omitted).
[8] FED. R. CIV. P. 55(a).
[9] FED. R. CIV. P. 12(a).
[10] Dkt. No. 9; *see* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2022).
[11] Dkt. No. 10 at 1, ¶¶ 1–3.
[12] *See* Dkt. No. 10 at 1, ¶¶ 1–3; Dkt. No. 9.