United States District Court
Southern District of Texas
**ENTERED**
May 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a Integrated Sports Media, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:21-cv-00469 |
| REIGN NIGHTCLUB, LLC d/b/a Reign Nightclub; and ERNESTO A. GUAJARDO, | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff, Innovative Sports Management, Inc.'s Motion for Order of Substituted Service of Process and for Continuance."[1] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion.

### I. BACKGROUND

This is a Federal Communications Act signal-stealing case. Plaintiff commenced this case on December 8, 2021, against Defendants Reign Nightclub, LLC and Ernesto A. Guajardo.[2] This Court scheduled the initial pretrial and scheduling conference for February 11, 2022.[3] Promptly thereafter, Plaintiff's counsel explained that she would be traveling,[4] so the Court continued the

---

[1] Dkt. No. 15.
[2] Dkt. No. 1.
[3] Dkt. No. 3.
[4] Dkt. No. 5.

conference to March 21st.[5] In the meantime, Plaintiff served[6] and obtained the clerk's entry of default against Defendant Reign Nightclub.[7]

On March 3rd, Plaintiff elaborated on its difficulty serving Defendant Guajardo and sought additional time.[8] In light of Plaintiff's diligence, the Court found good cause to extend the deadline for service by sixty days and continued the conference to May 10th.[9]

In the instant motion, Plaintiff seeks yet another extension to serve Defendant Guajardo. The Court turns to the analysis.

## II. Discussion

### a. Legal Standard

Plaintiff must serve Defendants within ninety days after the complaint is filed, unless Plaintiff shows good cause for the failure.[10] "The plaintiff bears the burden of proving good cause for failure to effect timely service. This proof requires at least as much [as] would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[11] In ascertaining excusable neglect, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[12] Relevant factors include the danger of prejudice, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[13] "Additionally, some showing

---

[5] Dkt. No. 8.
[6] Dkt. No. 9.
[7] Dkt. Nos. 11–12.
[8] Dkt. No. 13.
[9] Dkt. No. 14.
[10] Fed. R. Civ. P. 4(m).
[11] *Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020) (per curiam) (quotation marks and citations omitted), *cert. denied,* 141 S. Ct. 2767 (2021).
[12] *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993).
[13] *Id.*

of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required."[14] Nonetheless, "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service."[15]

### b. Analysis

In the Court's March 4, 2022 order granting Plaintiff an additional sixty days to serve Defendant Guajardo, the Court found good cause in Plaintiff's attempts "to serve Defendant Guajardo at three different addresses by process server and by mail," and Plaintiff's recent discovery of a new address at which Defendant Guajardo may reside.[16] Throughout early March, Plaintiff's process server repeatedly attempted service until learning on March 14th from the occupant of one address that she had no knowledge of Ernesto A. Guajardo.[17]

Plaintiff's counsel then conducted additional research and learned that a different plaintiff has an active lawsuit against Defendant Guajardo, in which Defendant Guajardo is represented by counsel.[18] Over the course of about two weeks from late March to early April, Plaintiff's counsel repeatedly attempted to contact Defendant Guajardo's counsel in the other case.[19] Defendant Guajardo's counsel in the other case finally responded to Plaintiff's counsel, confirmed that he was not representing Defendant Guajardo in this case, and further confirmed "Defendant Guajardo's apartment address as well as telephone numbers for Defendant Guajardo and his wife."[20] Beginning on April 11th, Plaintiff's process server began attempting service at the new apartment address.[21] Over the course of two weeks, Plaintiff's process server knocked on the

---

[14] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted).
[15] *Dotson*, 835 F. App'x at 713 (alteration in original) (quoting *Thrasher*, 709 F.3d at 511).
[16] Dkt. No. 14 at 1–2.
[17] Dkt. No. 15-1 at 1.
[18] Dkt. No. 15 at 3, ¶ 7.
[19] *Id.* ¶ 8 (citing Dkt. No. 15-3).
[20] *Id.* ¶ 9.
[21] Dkt. No. 15-4 at 1.

apartment door, spoke to neighbors, called potentially pertinent phone numbers, and researched proximate vehicle license plates attempting to serve Defendant Guajardo.[22] On April 25th, Plaintiff's process server averred, "MANAGEMENT OFFICE VERIFIED THE DEFENDANT DOES RESIDE HERE. I SPOKE TO PALMITTA."[23]

The next day, Plaintiff filed the instant motion seeking (1) an order authorizing substitute service of process on Defendant Guajardo, and (2) a thirty-day extension of time to complete service and permit Defendant Guajardo to answer.[24] The Court addresses each in turn.

### 1. Substitute Service

Under Federal Rule of Civil Procedure 4(e)(1), Plaintiff may serve Defendant Guajardo pursuant to Texas State law. Plaintiff seeks authorization to serve Defendant Guajardo in one of three different modes, two of which appear reasonably likely to notify Defendant Guajardo of this lawsuit.[25] Plaintiff first seeks authorization under Texas Rule of Civil Procedure 106(b)(1) to leave process with anyone older than sixteen at the relevant apartment, but Plaintiff's own process server appears unable to contact anyone of any age at the apartment.[26] Plaintiff also seeks authorization to accomplish service of process under Texas Rule of Civil Procedure 106(a)(2) by transmitting certified mail to Defendant Guajardo at the relevant apartment. Plaintiff does not require this Court's specific authorization, because service of process by this method is authorized under Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(a)(2), but the Court nevertheless **AUTHORIZES** service of process by this method as described in the final Part of this order. Plaintiff also seeks authorization to affix process to the door of the relevant apartment.[27]

---

[22] *Id.*
[23] *Id.*
[24] Dkt. No. 15 at 4, ¶ 11.
[25] *See id.* at 6, ¶ 19.
[26] *See* Dkt. No. 15-4 at 1.
[27] Dkt. No. 15 at 6, ¶ 9.

Texas law permits Plaintiff to serve Defendant in any manner, with a supportive sworn statement and Court authorization, "that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."[28] Texas state and federal courts have permitted this front-door-attachment method of service before.[29] The Court therefore **AUTHORIZES** service of process by this method as described in the final Part of this order.

### 2. Extension of Time

The Court finds good cause in Plaintiff's diligent attempts to serve Defendant Guajardo. While this proceeding has been delayed, Plaintiff has continually attempted to serve Defendant Guajardo through concerted efforts. Plaintiff's noncompliance with the default ninety-day time limit under Federal Rule of Civil Procedure 4(m) is adequately explained and justified. The Court holds that an extension of time is warranted and **GRANTS** Plaintiff's motion to continue the initial pretrial and scheduling conference and motion to enlarge the time for service.

### III. ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for substituted service and continuance.[30] The Court **ORDERS** that service of process may be accomplished upon Defendant Guajardo by affixing to the front door of, *and* by mailing via certified mail, return receipt requested, to Ernesto A. Guajardo at 2600 North McColl Road, Apartment 42128, McAllen Texas 78501-8556 all of the following items: (1) Plaintiff's complaint; (2) the appropriate summons; (3) this Court's December 8, 2021 Order for Conference and Disclosure of Interested Parties; and (4) a copy of this order. Service must be accomplished no later than **June 1, 2022**

---

[28] TEX. R. CIV. P. 106(b)(2).

[29] *See Cont'l Cas. Co. v. Swink Ins. Servs., LLC*, No. 3:14-CV-3149-D, 2014 U.S. Dist. LEXIS 141595, at *5–6 (N.D. Tex. Oct. 6, 2014) (citing *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, No. CIV.A.SA-09-CV885XR, 2010 WL 428968, at *2 (W.D. Tex. Jan. 28, 2010); *Evergreen Nat'l Indem. Co. v. Herndon*, No. CIV.A.3:07CV0184B, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007)); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.).

[30] Dkt. No. 15.

under Federal Rule of Civil Procedure 4(m). The Court further **ORDERS** that the date specified in paragraph one of the Court's December 8th Order for Conference is modified from February 11th to **Tuesday, June 14, 2022, at 9:00 AM**. The remainder of the December 8th order is unmodified.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 5th day of May 2022.

_____
Micaela Alvarez
United States District Judge