UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a Integrated Sports Media, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:21-cv-00469 |
| REIGN NIGHTCLUB, LLC d/b/a Reign Nightclub; and ERNESTO A. GUAJARDO, | § § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff, Innovative Sports Management, Inc.'s Motion for Final Default Judgment Against Defendants and Supporting Brief."[1] The Court has already granted,[2] and the Clerk of the Court has already entered,[3] default against both Defendants, so Plaintiff's motion is submitted unopposed and considered as soon as practicable.[4] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

This is an antipiracy case brought under the Federal Communications Act of 1934.[5] Plaintiff is a broadcast corporation that alleges it had the exclusive right to permit others to broadcast the December 15, 2018 *Canelo Alvarez vs. Rocky Fielding* boxing match telecast.[6] Plaintiff alleges that the telecast "was electronically coded or encrypted" and not legally available

---

[1] Dkt. No. 22.
[2] Dkt. Nos. 11, 20.
[3] Dkt. Nos. 12, 21.
[4] *See* LR7.2.
[5] 47 U.S.C. §§ 151–646.
[6] Dkt. No. 1 at 2, ¶ 3.

or intended for free use without proper payment to and authorization from Plaintiff.[7] Crucially, Plaintiff alleges that Defendants "took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, *and/or* internet stream."[8]

This allegation, even if admitted by Defendants' default,[9] is inadequate to demonstrate Defendants' liability. As this Court recently made clear, "the district court must first determine whether the defendant . . . broadcast the plaintiff's fight event via satellite, cable, or internet."[10] Allegations or evidence that the broadcast certainly must have been via one (or several) of those methods is insufficient.[11] Plaintiff's allegation is therefore insufficient, and Plaintiff's motion for default judgment does not save it. When attempting to establish Defendants' liability, Plaintiff's motion simply elides the issue of whether Defendants broadcast the event at their establishment via cable, satellite, or Internet.[12] The Court is therefore unable to ascertain which statute—47 U.S.C. §§ 553 or 605—applies and cannot grant judgment under either one. For these reasons, Plaintiff's motion for default judgment is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of June 2022.

_____
Micaela Alvarez
United States District Judge

---

[7] *Id.* at 3–4, ¶ 7.
[8] *Id.* at 4, ¶ 8 (emphasis added).
[9] *See* Dkt. No. 22 at 4, ¶ 6 ("By virtue of their default, Defendants admitted to committing piracy against Plaintiff.").
[10] *J&J Sports Prods., Inc. v. Los Taquitos Bar & Grill LLC*, No. 7:19-cv-00160, 2020 WL 7481991, at *6 (S.D. Tex. Dec. 18, 2020) (Alvarez, J.).
[11] *See id.*
[12] *See* Dkt. No. 22 at 7, ¶ 9.